**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 11-cv-02205-WJM-MEH

GEORGE TRUJILLO, and
MITZI TRUJILLO,

    Plaintiffs,

v.

BANK OF AMERICA, N.A., a National Association,
BAC HOME LOANS SERVICING, LP, a Texas Limited Partnership, and
DOES 1 through XX, whose true names are unknown

    Defendants.

---

**ORDER DENYING DEFENDANTS BANK OF AMERICA AND BAC**
**HOME LOANS SERVICING'S MOTION TO DISMISS**

---

Plaintiffs George and Mitzi Trujillo ("Plaintiffs") bring claims against Defendants[1] Bank of America, N.A. and BAC Home Loans Servicing, LP (together "Defendants") related to the mortgage ("Note") on Plaintiffs' property ("Property") in Greeley, Colorado. (Compl. (ECF No. 2) ¶ 18.)  Plaintiffs allege that Defendants violated the Colorado Consumer Protection Act and ask the Court to quiet title and declare the rights of the parties as to the Note and the Property.  (*Id*. pp. 11-13.)

Before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion").  (ECF No. 18.)

---

[1] Plaintiffs originally named Quicken Loans, Inc., the corporation that originated their mortgage, as a Defendant to this action.  However, the parties stipulated the dismissal of all claims against Quicken Loans, Inc. on October 13, 2011 and Quicken Loans, Inc. was dismissed as a party to this action.  (ECF Nos. 23 & 24.)

## I.  LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations."  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir.1999) (citation omitted).

## II.  ANALYSIS

Defendants move to dismiss Plaintiff's claims and argue the following: (1) the Court lacks jurisdiction over this matter as a whole because it is not ripe; (2) Plaintiffs fail to state a violation of the Colorado Consumer Protection Act; and (3) Plaintiffs are not entitled to quiet title or to a declaratory judgment.  The Court will address each of these arguments in turn below.

**A.  Ripeness**

Defendants argue that this action is not ripe for consideration by the Court because they have not initiated foreclosure proceedings against Plaintiffs or the Property.  (ECF No. 18 at 4-5.)

Claims are not justiciable by the Court unless they are ripe. The ripeness requirement is meant "'to prevent courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1498-99 (10th Cir. 1995) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)). Controversies must be presented in a "clean-cut and concrete form" to be ripe for judicial determination. *Id*. To assess ripeness, the Court must evaluate the "fitness of the issue for judicial resolution and the hardship to the parties of withholding judicial consideration." *Id*. The main focus in determining if an issue is fit for judicial review is "whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id*.

Plaintiffs allege that they are currently suffering a direct and immediate dilemma because they are required to make monthly payments on the Note and do not know what entity is the proper holder of the Note. (ECF No. 30 at 3-4.) The Court agrees and finds that Plaintiffs have alleged a sufficiently immediate injury so as to make the case ripe for judicial review. While this action may implicate whether Defendants have a right to foreclose on the Property, the ripeness of this action does not depend on actual foreclosure proceedings having been commenced.

Moreover, Plaintiffs bring a claim to quiet title to the Property. There is no requirement that a property be in foreclosure before an interested party can bring an action to quiet title. *See* Colo. R. Civ. P. 105(a). Accordingly, the Court finds that the matters before it are ripe for review and Defendants' Motion is denied on this ground.

**B.     Colorado Consumer Protection Act**

Defendants move to dismiss Plaintiffs' claim brought under the Colorado Consumer Protection Act ("CCPA").  "The CCPA was enacted to regulate commercial activities and practices which, because of their [deceptive or unfair] nature, may prove injurious, offensive, or dangerous to the public."  *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.,* 62 P.3d 142, 146 (Colo. 2003) (quotation marks omitted).

To prove a private cause of action under the CCPA, a plaintiff must show:

(1) that the defendant engaged in an unfair or deceptive trade practice;

(2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation;

(3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property;

(4) that the plaintiff suffered injury in fact to a legally protected interest; and

(5) that the challenged practice caused the plaintiff's injury.

*Id.* at 146-47.  Defendants challenge the sufficiency of Plaintiffs' allegations with respect to the first and third prongs. (ECF No. 18 at 7-8.)

1.     <u>Unfair or Deceptive Trade Practice</u>

Defendants argue that Plaintiffs have failed to state a claim because their Complaint does not sufficiently allege that Defendants knowingly or intentionally made a false statement.  (ECF No. 18 at 7-8.)  However, while a knowing or intentional false statement is one way to show a deceptive trade practice, it is not the only way of meeting this prong of the test.  Colorado Revised Statue 6-1-105 lists more than 40 ways in which a company can commit a deceptive trade practice.

The Court finds that Plaintiffs have sufficiently alleged that Defendants committed a deceptive trade practice. Colorado law provides that it is a deceptive trade practice to "knowingly pass off . . . property as those of another." Colo. Rev. Stat. § 6-1-105(1)(a). Plaintiffs allege that Defendants knowingly made false representations regarding loan servicing, assignment of the Note, and related matters, executed and recorded false and misleading documents, demanded and accepted payment on non-existing debts, and acted as beneficiaries without the legal authority to do so. (Compl. ¶ 65.) Plaintiffs allege that Defendants failed to take specific actions (e.g., properly endorsing the Note, delivering the Note to the trustee, transferring the Note) that would have properly securitized the mortgage. (*Id*. ¶¶ 42-49.)

Though thin, the Court finds that these allegations are sufficient to allege a deceptive trade practice for purposes of surviving a motion to dismiss.

3.   Public Impact

Defendants argue that Plaintiffs have failed to allege sufficient facts to show that their actions have public impact. (ECF No. 18 at 8.) Plaintiffs' Complaint states the Defendants' practices "have a significant impact upon actual and potential Colorado consumers . . . by requiring Colorado residential property loan consumers to make payments to parties who are not the rightful owners or servicers of promissory notes and the accompanying deed of trust and by causing a cloud on title with respect to properties owned by such consumers." (Compl. ¶ 66.) Though relatively generalized, the Court finds that Plaintiffs have sufficiently alleged public harm so as to satisfy the third element of their CCPA claim.

### 3. Conclusion

Because Plaintiffs have alleged sufficient facts to satisfy all of the elements of their CCPA claim, the Court denies Defendants' Motion to Dismiss as to this claim.

**C.   Quiet Title**

Defendants move to dismiss Plaintiffs' claim for quiet title and argue that Plaintiffs have failed to demonstrate the superiority of their interest in the Note and have failed to offer to tender the outstanding balance on the Note.  (ECF No. 18 at 9.)  However, Plaintiffs' Complaint alleges that they are the "owners in joint tenancy" of the Property and that they "are ready, willing, and able to tender their obligation to whoever is entitled to payment of the money."  (Compl. ¶¶ 56, 68.)  In addressing a Motion to Dismiss, the Court must accept these allegations as true.  *Shero*, 510 F.3d at 1200.  Thus, the Court finds Defendants have failed to put forth any basis for dismissing Plaintiffs' claim to quiet title.  Defendants' Motion is denied as to this claim.

**D.   Declaratory Judgment**

Finally, Defendants move to dismiss Plaintiffs' declaratory judgment claim.  (ECF No. 18 at 5-6.)  In this claim, Plaintiffs ask the Court to declare the parties' respective rights to the Note and Property.  (Compl. ¶ 59.)

In moving to dismiss, Defendants argue that Plaintiffs' allegation that they are not required to make payments on the Note because Defendants are not holders of the Note is "completely unfounded".  (ECF No. 18 at 6.)  Defendants claim "[n]othing in plaintiffs' note or deed of trust requires that the loan servicer entitled to collection of payments must be a holder of the note."  (*Id.*)  Defendants contend "the note and deed

of trust both contain provisions that the obligations and rights under the agreements also inure to and bind the parties' successors and assigns." (*Id.*)

The Court finds that these arguments go to the merits of the parties' respective rights and obligations under the Note; they do not relate to whether Plaintiffs' claim for a declaratory judgment should be dismissed at this stage of the litigation. At the motion to dismiss stage, the Court is not evaluating the merits, it is deciding only whether the pleadings have stated a plausible claim that could afford Plaintiffs some relief. *See Shero*, 510 F.3d at 1200. Plaintiffs ask the Court to declare the parties' respective rights in the Note and the Property, a claim which the Court finds could afford them some relief. Therefore, the Court sees no reason to dismiss Plaintiffs' declaratory judgment claim at this time.

### III.  CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 18) is DENIED.

Dated this 3rd day of July, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge